# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GERALDINE WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br><br> WELLS FARGO BANK N.A. and US BANK NATIONAL ASSOCIATION, as Trustee for Structured Asset Securities Corporation Trust 2006-GEL-4, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:12-CV-01466-TWT |

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff Geraldine Williams ("Plaintiff"), who is proceeding pro se, seeks to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1). Docket Entry [2]. The Affidavit of Poverty indicates that Plaintiff is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's application to proceed in forma pauperis is hereby **GRANTED**. Docket Entry [2]. However, for the reasons outlined below, this Court **RECOMMENDS** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** with leave to refile, if

Plaintiff can demonstrate that his[1] claims satisfy the requirements for federal subject matter jurisdiction.[2]

## BACKGROUND FACTS

Plaintiff initiated the instant action in an effort to avoid the impending foreclosure of his home. Docket Entry [1]. Plaintiff claims that he is facing foreclosure because he was improperly approved for a mortgage loan that he could not afford. Specifically, Plaintiff appears to allege that he obtained a $374,000.00 mortgage loan from Defendant Wells Fargo Bank, N.A. that was later assigned to Defendant US Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2006-GEL4.[3]

---

[1] Although Plaintiff's name suggests that Plaintiff is a woman, Plaintiff uses masculine pronouns throughout the Complaint. Therefore, this Court will refer to Plaintiff as a man.

[2] The undersigned observes that Plaintiff's Complaint is similar to the Complaints in the following actions recently filed in this Court: Samuel v. BAC Home Loans Servicing, LP, No. 1:11-cv-01336-JEC; Cook v. BAC Home Loans Servicing, LP, No. 1:11-cv-02126-TWT; Kubiak v. BAC Home Loans Servicing, LP, No. 1:11-cv-00475-TWT; and Laux v. BAC Home Loans Servicing, LP, No: 1-11-cv-00547-AT.

[3] The nature of the relationship between Plaintiff and Defendant Wells Fargo Bank, N.A. and Defendant US Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2006-GEL4, is not entirely clear to this Court. On the one hand, Plaintiff alleges that he "entered into a loan transaction . . . on or about January 19, 2006, with Wells Fargo Bank, N.A. which required Plaintiff to repay $374,000.00 with a purported deed to secure debt executed to US Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2006-GEL4, and a promissory note and later the loan is still being service[d] by Wells Fargo Bank, N.A." (Compl. ¶ 4). On the other hand, Plaintiff alleges "[o]n or about January 19, 2006, . . . Plaintiff allegedly entered into a consumer credit transaction with Defendant by obtaining a $551,042.67 mortgage loan, purportedly secured by Plaintiff's principal residence . . . . The promissory note was allegedly secured by a security deed on the

2

(Compl. ¶¶ 4, 14). Plaintiff's original monthly loan payment amount was $5,992.16. (Id.) "Plaintiff was qualified for this loan based on a '30 year amortization,' which was subject to little or no equity build up. The payment, based on the rate of 5.50%, insures very little principal in the monthly payment on the first through the 120th payment." (Id. ¶ 6). According to Plaintiff, "[t]he loan was approved based on the pre-sale of the loan, and the appraised value of the collateral, rather than Plaintiff's ability to repay the loan." (Id. ¶ 5) (emphasis omitted). Plaintiff's home is now worth $165,000.00, but "Plaintiff owes $551,042.67." (Id. ¶ 4). "Plaintiff maintains Defendant[s] breached [their] obligation to treat the Plaintiff fairly by not disclosing the true risks he faced with this loan, with particularity, the interest rate that would adjust dramatically, no equity build up, and consequently they breached [their] duty to Plaintiff because Defendants knew, or should have known, that Plaintiff would, or had a strong likelihood of defaulting on this loan." (Id. ¶ 18) (emphasis omitted).

Plaintiff seeks declaratory and injunctive relief against Defendants and asserts state law claims of contractual breach of good faith and fair dealing (count III); rescission under 'illusory promise' and O.C.G.A. § 7-6A-4 (count IV); Unfair and Deceptive Business Act practices (count V); unconscionability pursuant to UCC § 2-3202 (count VI); quiet title (count VIII); failure to comply with state statutes (count IX); conversion or illegal attempt to convert, fraudulent misrepresentation, promissory

---

property in favor of US Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2006-GEL4, as an assignee and the Lender was Wells Fargo Bank, N.A. thus creating a bifurcation of the security interest." (Compl. ¶ 14).

estoppel (count X); and failure to follow O.C.G.A. §§ 11-9-312(b), 11-9-313, possession by delivery, O.C.G.A. § 11-9-314, perfection by control, O.C.G.A. §§ 11-9-104, 11-6-205, or 11-9-107 (second count X).[4] (Compl.).

## LEGAL ANALYSIS

It is this Court's duty to inquire into its subject matter jurisdiction sua sponte whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). "A federal district court must have at least one of three types of subject matter jurisdiction [to entertain an action]: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331;[5] or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[6]" Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). For diversity jurisdiction, complete diversity between all plaintiffs and all defendants is necessary in order for the district court to have subject matter jurisdiction. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). The plaintiff must "affirmatively allege facts demonstrating the existence of jurisdiction." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "If a district court determines that it lacks subject matter jurisdiction, it 'is powerless to continue' and must dismiss the

---

[4] Plaintiff also purports to assert a "claim" for predatory lending (count VII).

[5] "[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[6] "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

complaint." Nalls v. Countrywide Home Servs., LLC, 279 F. App'x 824, 825 (11th Cir. 2008) (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)).

From the face of Plaintiff's Complaint, it appears that this Court lacks subject matter jurisdiction. Considering diversity jurisdiction first, Plaintiff states that he is a resident of Gwinnett County, Georgia, but Plaintiff makes no allegations about the citizenship of Defendant Wells Fargo Bank, N.A. or Defendant US Bank National Association, as Trustee for Structured Asset Securities Corporation Trust 2006-GEL4.[7] Accordingly, Plaintiff has failed to affirmatively allege sufficient facts to establish diversity jurisdiction.

Likewise, Plaintiff's Complaint does not raise a federal question. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citations omitted). As outlined above, the counts in Plaintiff's Complaint, to the extent they present valid causes of action, are state law claims. The only federal statute that Plaintiff specifically alleges Defendants violated is the Federal Trade Commission

---

[7] Plaintiff alleges that Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") registered agent is located in Norcross, Georgia. However, the location of Wells Fargo's registered agent is not relevant to Wells Fargo's citizenship. Even if the location of Wells Fargo's registered agent was relevant, diversity jurisdiction would be destroyed as both Plaintiff and the registered agent are located in Georgia.

5

Act.[8,9] In particular, Plaintiff alleges that "Defendants provided inadequate disclosure of the true costs, risks and, where necessary, appropriateness to the borrower of a loan transaction in violation of the Federal Trade Commission Act." Even if Plaintiff had alleged sufficient facts to support such a claim, there is no private right of action under the Federal Trade Commission Act. Days Inn of Am. Franchising, Inc. v. Windham, 699 F. Supp. 1581, 1582 (N.D. Ga. 1988). Thus, Plaintiff's Complaint fails to present a viable federal question.

Lastly, Plaintiff's Complaint does not reference any specific statutory grant of federal subject matter jurisdiction.

---

[8] In Count One, Declaratory Relief, Plaintiff "request[s] that this Court make a finding that the purported power of sale contained in the loan [is] of 'no force and effect' at this time because Defendants['] actions in the processing, handling and attempted foreclosure of this loan has contained numerous violations of state and federal laws designed to protect borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants." (Compl. ¶ 26). In Count Ten, Conversion or Illegal Attempt to Convert, Fraudulent Misrepresentation, Promissory Estoppel, Plaintiff alleges, "Defendant[s] knowingly and intentionally concealed material information from Plaintiff which [was] required by state and federal laws to be disclosed." Plaintiff's two vague, passing references to "federal laws" are insufficient to state a claim for relief under federal law or raise a federal question. See Cantu v. Bay Area Healthcare Group, Ltd., No. V-05-95, 2007 WL 951624, at *1 (S.D. Tex. Mar. 28, 2007) (concluding that plaintiffs' "vague references to violations of federal law in what otherwise appears to be a state [law] action are nothing more than window dressing that do not come close to stating causes of action based on federal law or raising federal issues of the sort that would properly confer federal subject matter jurisdiction").

[9] In Count Ten of the Complaint, Plaintiff appears to have cut and pasted large sections of the Georgia Code that include references to other federal statutes, such as the Employee Retirement Income Security Act and the Securities Exchange Act, but Plaintiff does not make any allegations that Defendants violated any of the federal statutes in the copied material. (Compl. pp. 11-14).

6

Because there is no basis for federal subject matter jurisdiction, the undersigned **RECOMMENDS** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** with leave to refile, if Plaintiff can demonstrate that his claims satisfy the requirements for federal subject matter jurisdiction. See Bryan v. Ally Fin., 452 F. App'x 908, 910 (11th Cir. 2012) (per curiam) (affirming dismissal of pro se plaintiff's complaint without prejudice where "there was no basis for § 1331 federal question jurisdiction because the pleadings show that all of his claims arose under state law" and "there was no basis for § 1332 diversity jurisdiction as [the plaintiff] failed to sufficiently plead the citizenship of the parties"); Selensky v. Mobile Infirmary, 221 F. App'x 814, 815 (11th. Cir. 2007) (per curiam) (same).

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 14 day of May, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GERALDINE WILLIAMS,

    Plaintiff,

v.

WELLS FARGO BANK N.A. and US BANK NATIONAL ASSOCIATION, as Trustee for Structured Asset Securities Corporation Trust 2006-GEL-4,

    Defendants.

CIVIL CASE NO.
1:12-CV-01466-TWT

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the

8

district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 14 day of May, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE